The MECHANICS' BANK OF THE CITY AND COUNTY OF PHILADELPHIA v. The PRESIDENT AND DIRECTORS OF THE BANK OF NEW-BRUNSWICK.

By the English practice, exceptions to the accounts of a receiver as stated by a master, should be taken before the master, while the account is in his possession, and before he makes his report.

This practice has been generally acted on in this state; it is beneficial, and might safely be pursued in all ordinary cases. But there has been no actual recognition of the rule, except in cases where a draft of the account was served, and the party omitted to make any exceptions or suggest any alterations to the master.

[Mechanics' Bank of Philadelphia v. Bank of New-Brunswick.]

In a proceeding under a new statute, a party who is honestly seeking his rights should not be cut off by a mere technical rule.

In a proceeding under the act to prevent frauds by incorporated companies, the complainants and all the applying creditors constitute one party. The receivers are their common agents, and the solicitor on record of the complainants is their common solicitor, and regularly all orders and proceedings should be in his name.

It is irregular for any one of the creditors to appear or act by his own solicitor, without leave of the court for that purpose first obtained.

If any one of the creditors is so situated as to render it necessary that he should be represented separately before the court, application for that purpose should be made; and if substantial reasons are assigned to the satisfaction of the court, the application will be granted.

MOTION to strike exceptions from the file, and to confirm master's report, stating the account of receivers appointed under the act, entitled, "An act to prevent frauds by incorporated companies," passed the seventeenth day of February, A. D. eighteen hundred and twenty-nine.

*J. S. Nevius*, for complainants, in support of the motion.

*Southard*, contra.

THE CHANCELLOR.   This is a proceeding under the statute against an insolvent bank, in which receivers were appointed to collect the assets of the institution, adjust the claims of creditors, and make distribution of the funds.   Doctor Fitch is one of the creditors of the institution.   Part of his claims have been allowed by the receivers, and part have been disallowed.   From this last decision of the receivers, rejecting part of his claims, he has appealed to the chancellor, and his appeal is now pending undetermined.   While matters remained in this state, to wit, on the twenty-fifth of February, eighteen hundred and thirty-six, the complainants obtained an order of the court, referring it to one of the masters to take and state an account of the monies that have come to the hands of the receivers, and also of the sums paid, laid out and expended by them for and on account of costs, coun-

sel fees, charges and expenses, debts paid and offsets allowed relating to or concerning their duties and business as receivers for the creditors and stockholders of the bank. The report was filed on the fifth of April, and the usual rule of confirmation entered by the solicitor of the complainants. Before the expiration of the rule, to wit, on the twelfth of April, exceptions to the account were filed by doctor Fitch, signed by himself as one of the creditors, and by Samuel L. Southard as his solicitor; and it is now moved to strike those exceptions from the files as irregular, and to confirm the master's report.

The grounds for this motion are—

1. That the exceptions to the account should have been taken before the master, while the report was still in his possession, and before it was made.

2. That the exceptions are not filed by the solicitor of the complainant, who is the general solicitor of the creditors, and the only one known on the record.

1. As to the first. This is on the supposition that the English practice has been adopted in this court. It has been generally acted on, and the benefit of it is acknowledged. But there has been no absolute recognition of the rule in this state, except in cases where it was well ascertained that a draft of the account was served, and the party omitted to make any exceptions or suggest any alterations to the master. The intimation has several times been thrown out, that it would be proper to adopt the rule, and it has been done for the purpose of accustoming masters and solicitors to its operation. In this respect it has been serviceable, and it is believed the practice might now be safely pursued in all ordinary cases. This, however, is not a case of that kind. It is novel, and the rule should not be applied to it, if the interests of parties are to suffer or be put at hazard. Doctor Fitch claims to stand in a situation adverse to the general creditors. He has large claims pending, to which they except; and he does not consider himself as represented by the solicitor for the other creditors. He chooses to have his own solicitor, and to appear separately on the record, and before the court. Whether in this

he be right or not may be considered hereafter; but as the draft of the account was not presented to him, or to his counsel in whom he had confidence, and as he does not appear to have had an opportunity to be heard, I am unwilling in this case to say that the exceptions are too late, and thus deprive this party of all hope of being heard. This is a proceeding under a new statute, and if a party is honestly seeking his rights, he should not be cut off by a mere technical rule.

2. The other point presents a question of some difficulty in practice. I think the present proceeding is irregular. If doctor Fitch can come into court as a separate party, and place his own solicitor on the record, any other creditor may do the same, and great embarrassment must needs ensue. The suit is for the benefit of the complainants not only, but all other applying creditors. They constitute one party. The receivers are their common agents, and the solicitor on record of the complainants is their common solicitor, and regularly all orders and proceedings should be in his name. Yet there, may be cases in which strong reasons may be shown in favor of indulging an individual creditor with his own solicitor on the record; so that he may not be bound by the acts or admissions of one whom he did not appoint, and who he may suppose is hostile to his interests. I do not say that this is one of those cases, and I am not willing to say, absolutely, that it is not. But I think no party should be permitted to take such course of his own mere will. If he is so situated as to render it necessary, in his estimation, to be represented separately before the court, he should make application for permission to do so, and if proper it will be granted. Substantial reasons should be assigned, to the satisfaction of the court.

In this case the exceptions are considered irregular, but the party is at liberty until, and at the next term, to apply for leave to file separate exceptions to the account, by his own solicitor.